IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RICHARD J. BLOOMER,**

**Plaintiff,**

vs.

**ILLINOIS CENTRAL RAILROAD CO.
d/b/a CN/IC,**

**Defendant.**                       **No. 04-CV-177-DRH**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction

Now before the Court is Plaintiff's Appeal Pursuant to Local Rule 73.1 of Magistrate Proud's Order of March 14, 2005 (Doc. 49) granting in part and denying in part Plaintiff's Motion for Leave to Extend Disclosure of Experts and to Conduct Discovery, or, in the Alternative, Plaintiff's Motion for Leave to Continue the Trial Setting. Specifically, Plaintiff appeals the portion of Magistrate Proud's March 14, 2005 Order denying him leave to disclose Dr. Wayne Stillings ("Dr. Stillings") and Dr. Matthew Gornet ("Dr. Gornet") as additional expert witnesses, and denying his alternative request to continue the trial date (Doc. 47). Defendant opposes Plaintiff's appeal and asks the Court to affirm and adopt Magistrate Proud's March 14, 2005 Order (Doc. 54).

For the reasons set forth below, the Court sets aside the portion of Magistrate Proud's March 14, 2005 Order denying Plaintiff leave to disclose additional

expert witnesses and denying his request to continue the trial date. In order to ensure adequate time for the parties to complete discovery given the late disclosure of two of Plaintiff's experts, the Court continues the presumptive trial month from July 2005 to **November 2005**. Magistrate Proud should enter a new scheduling order that allows additional time for discovery after consultation with the parties.

## II. Analysis

The dispute between the parties boils down to whether Plaintiff's additional experts, Dr. Gornet and Dr. Stillings, should be excluded because of Plaintiff's untimely disclosure.[1] Magistrate Proud, without citation to any legal authority, found that Plaintiff's experts should be excluded. Because Plaintiff appeals a non-dispositive matter, the Court must reconsider the matter and set aside any portion of Magistrate Proud's order found to be clearly erroneous or contrary to law. **S.D. ILL. LOCAL RULE 73.1(a)**.

**FEDERAL RULE OF CIVIL PROCEDURE 37(c)** guides the Court's analysis, and provides: "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed." **FED. R. CIV. P. 37(c)(1)**. In other words, **RULE 37** restrains courts from excluding relevant testimony when a party's failure to disclose a witness is substantially justified or

---

[1] **RULE 26(a)(2)** requires the disclosure of expert witnesses. Here, the Court set a deadline of September 30, 2004 for Plaintiff to disclose his experts (Doc. 12), which was extended to December 30, 2004 by agreement of the parties (Doc. 54, Ex. B). There is no dispute that Plaintiff's disclosures were untimely under the Court's scheduling order and the parties' agreement.

harmless. *See **McCarthy v. Option One Mortg. Corp.**,* **362 F.3d 1008, 1012 (7th Cir. 2004)**; ***Sherrod v. Lingle,* 223 F.3d 605, 612 (7th Cir. 2000)**. Thus, a court cannot impose the exclusion sanction unless it finds that the party's failure to comply with **RULE 26(a)** was both unjustified and harmful to the other party. ***See Sherrod,* 223 F.3d at 612**.

Plaintiff points out he is receiving current and ongoing treatment from both Doctor Gornet and Doctor Stillings, including upcoming surgery (microdiscectomy and anterior cervical fusion C3-4, C4-5, and C5-6) scheduled for July 13, 2005 (Doc. 68). Plaintiff argues he is justified in the late disclosure because he did not begin treatment with these doctors until after the expert cutoff due to circumstances out of his control. Plaintiff tells the Court, for the first time, he was referred to Dr. Gornet in February 2005 after his original treating doctor, Dr. Schreiber, relocated to Florida. Plaintiff further argues that the late disclosure is harmless given Defendant had knowledge of Plaintiff's ongoing orthopedic and psychiatric problems. Defendant strongly opposes Plaintiff's untimely disclosures arguing, among other things, that interjecting new medical testimony into the case at this late date is highly prejudicial to the defense.

While the Court is sympathetic to Defendant's position, the Court finds that Plaintiff's untimely disclosure was justified. First, the evidence before the Court clearly shows that Plaintiff did not begin receiving treatment from Doctors Gornet and Stillings until after the expert disclosure cutoff due to circumstances out of his control. Second, the evidence shows that Plaintiff is receiving current and ongoing treatment

from these doctors and is awaiting surgery in July 2005.  Third, the Court observes that Plaintiff filed his original motion to disclose these experts on February 9, 2005 shortly after learning that he was to receive additional treatment by these doctors.  Put simply, the Court finds that the testimony of Dr. Gornet and Dr. Stillings should not be excluded because of Plaintiff's untimely disclosure.  In the future the Court strongly recommends that Plaintiff provide all information to the Magistrate Judge so that he may make an informed and reasoned ruling.

### III.  Conclusion

In sum, the Court **REVERSES in part** Magistrate Proud's March 14, 2005 Order and **SETS ASIDE** the portion of the March 14, 2005 Order denying Plaintiff leave to disclose additional expert witnesses and denying his request to continue the trial date (Doc. 47).

In order to ensure adequate time for the parties to complete discovery given the late disclosure of two of Plaintiff's experts, the Court **CONTINUES** the presumptive trial month from July 2005 to **November 2005**.  The Court **DIRECTS** Magistrate Proud to enter a new scheduling order that allows additional time for discovery after consultation with the parties.

**IT IS SO ORDERED.**

Signed this 10th day of May, 2005.

/s/   David RHerndon
**United States District Judge**